# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| NICOLE WHITNEY,<br><br>Plaintiff,<br>vs.<br><br>FRANKLIN GENERAL HOSPITAL; FRANKLIN COUNTY, IOWA; MERCY HEALTH SERVICES—IOWA CORP.; MERCY HEALTH NETWORK, INC.; and KIM PRICE,<br><br>Defendants | No. C 13-3048-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT FRANKLIN COUNTY'S MOTION FOR SUMMARY JUDGMENT |

_____

In this case, plaintiff Nicole Whitney, a medical records clerk and receptionist at a county hospital and medical center, asserts, *inter alia*, the following claims against defendant Franklin County, Iowa: Counts I (ICRA-sexual harassment, sexual discrimination, and retaliation), II (Title VII-sexual harassment, sexual discrimination, and retaliation), III (ICRA-disability discrimination and retaliation), IV (ADA-failure to accommodate disabilities, disability discrimination, and retaliation), and V (FMLA-interference and retaliation). Pursuant to a Scheduling Order And Discovery Plan (docket no. 38), filed January 9, 2014, the deadline for completion of discovery and for dispositive motions is October 1, 2014. Pursuant to an Order Resetting Trial (docket no. 41), filed January 22, 2014, a jury trial in this matter is set to begin on June 1, 2015. On May 19, 2014—that is, well before the deadline for completion of discovery and for dispositive motions—defendant Franklin County filed its Motion For Summary Judgment (docket no. 46) asserting that there are no genuine issues of material fact that it is not,

and never was, Whitney's employer. Whitney's deadline to respond to that motion is June 12, 2014.

On June 9, 2014, however, Whitney filed the Motion For Extension Of Time To File Response To Defendant Franklin County's Motion For Summary Judgment (docket no. 48) that is now before me. Whitney's Motion For Extension Of Time is ostensibly pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. In it, Whitney asserts that her counsel is unavoidably swamped by deadlines and trial preparations in other cases, that she has been unable to review all pertinent discovery responses, and that relevant depositions and further discovery cannot be completed until August 2014. Consequently, Whitney requests an extension until August 29, 2014, to file her response to Franklin County's Motion For Summary Judgment. Whitney represents that counsel for Franklin County has been contacted, but that Franklin County intends to resist her Motion For Extension Of Time.

On June 10, 2014, Franklin County filed its Response To Plaintiff's Motion For Extension Of Time (docket no. 49). In its Response, Franklin County clarifies that it does not resist an extension of Whitney's deadline *to July 15, 2014,* based on the press of Whitney's counsel's other obligations, but that it does resist the requested extension *to August 29, 2014*, pursuant to Rule 56(d). Franklin County argues that Whitney's Motion For Extension Of Time does not satisfy the requirements of Rule 56(d), because Whitney has failed to submit the required affidavit or otherwise to explain what specific facts further discovery may uncover. Franklin County also argues that Whitney's counsel has had sufficient time to review discovery and/or to seek additional discovery and conduct depositions, but has not diligently done so. Thus, Franklin County argues that an extension of Whitney's deadline to respond would unreasonably delay proceedings and cause Franklin County to incur additional attorney's fees.

I find it unnecessary to wait for Whitney to file any reply in further support of her Motion For Extension Of Time before ruling on it.

As the Eighth Circuit Court of Appeals has explained, "'Under Rule 56(f) [now Rule 56(d)], a party opposing summary judgment may 'seek a continuance and postpone a summary judgment decision,' but 'the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover.'" *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010) (quoting *Anuforo v. C.I.R.*, 614 F.3d 799, 808 (8th Cir. 2010), in turn quoting *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999)); *see also Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) ("To obtain a Rule 56(f) [now Rule 56(d)] continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)). It is clear that Whitney did not comply with Rule 56(d) by providing specific details, via affidavit or declaration, showing that there is some missing evidence that would be essential to her resistance to Franklin County's Motion For Summary Judgment. *See, e.g., Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP*, 687 F.3d 1045, 1050 (8th Cir.2012) (a Rule 56(d) movant must set forth the specific facts that further discovery might uncover). Consequently, she is not entitled to any extension of her deadline to file a response to Franklin County's Motion For Summary Judgment pursuant to Rule 56(d).

That said, it is clear that the circumstances outlined by Whitney, demonstrating the press of her counsel's other obligations and deadlines, would justify some more limited extension of her deadline to resist Franklin County's Motion For Summary Judgment. I conclude that an extension of Whitney's deadline to and including July 15, 2014, is justified by her showing of good cause alone.

It is also possible that, given additional time, Whitney might file an adequate Rule 56(d) motion demonstrating that a further extension of time to respond to Franklin

County's Motion For Summary Judgment is warranted. At this point, I am not impressed by Franklin County's argument that it would be prejudiced by an extension of Whitney's deadline pursuant to Rule 56(d), if she made an adequate showing in support of such a motion, where Franklin County filed its Motion For Summary Judgment well before the deadline for completion of discovery and for dispositive motions. Franklin County's attempt to "fast-track" its Motion For Summary Judgment, when Franklin County as much as admits that all pertinent discovery and depositions have not been completed and that it filed its Motion For Summary Judgment when it found Whitney's counsel was not responding to its inquiries about voluntary dismissal of Franklin County, might suggest gamesmanship.

THEREFORE, Whitney's June 9, 2014, Motion For Extension Of Time To File Response To Defendant Franklin County's Motion For Summary Judgment (docket no. 48) is **denied in part and granted in part**, as follows:

1. The Motion is **denied** as to Whitney's request for an extension of her deadline to August 29, 2014, pursuant to Rule 56(d); but

2. The Motion is **granted to the extent** that Whitney shall have **to and including July 15, 2014,** to file her response to Franklin County's Motion For Summary Judgment, based on her showing of good cause for such an extension.

**IT IS SO ORDERED**.

**DATED** this 16th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA